IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRREX SYSTEMS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SUMITOMO ELECTRIC LIGHTWAVE CORP. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Cirrex Systems, LLC ("Cirrex"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Cirrex is a Delaware limited liability company with a place of business at 44 Peachtree Place, NW, Suite 1723, Atlanta, Georgia 30309.

2. Defendant Sumitomo Electric Lightwave Corp. is a North Carolina corporation with, upon information and belief, a place of business located at 78 T.W. Alexander Drive, Research Triangle Park, North Carolina 27709.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

6.  Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## BACKGROUND

7.  On November 20, 2007, United States Patent No. 7,298,936 (the "936 patent"), entitled "Facile Production of Optical Communication Assemblies and Components," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '936 patent is attached hereto as Exhibit A.

8.  Cirrex is the assignee and owner of the right, title and interest in and to the '936 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

9.  Cirrex has invested substantial resources into the development and sale of photonic technologies benefiting instrumentation, communications and healthcare.

10. Cirrex has pioneered the development of optics, optical systems and optical fabrication related to process control and the chemistry of fiber optics. To date, Cirrex's innovation process has provided various novel technologies including shaping the tips of fibers, and combining the effects of multiple conventional optical elements such as filters, mirrors, prisms and lenses; these are fashioned into highly complex designs on a microscopic scale, enabling fiber optics and lasers to attain uses at a fraction of the size and cost previously thought possible.

11. Cirrex has invested a significant amount of financial and intellectual capital into the development of pioneering technologies such as the optical communication assemblies and components that are disclosed in the '936 patent.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,878,936

12. Cirrex repeats and realleges the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claims 1 and 8 of the '936 patent by making, using, importing, offering for sale, and/or selling planar optical waveguide systems, including, but not limited to, the Lynx2–MPO CustomFit Splice-On Connectors.

14. Cirrex is entitled to recover from Defendant the damages sustained by Cirrex as a result of Defendant's infringement of the '936 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Defendant's use of Cirrex's patented technology to build and profit from its own optical fiber business has caused, is causing and will continue to cause Cirrex irreparable harm unless enjoined by this Court.

## JURY DEMAND

Cirrex hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cirrex requests that this Court enter judgment against Defendant as follows:

A.   An adjudication that Defendant has infringed the '936 patent;

B.   A preliminary and permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from making, using, offering to sell, or selling in the United States or importing into the

United States any instrumentalities that infringe any claim of the '936 patent, or contributing to or inducing the same by others;

   C. An award of damages to be paid by Defendant adequate to compensate Cirrex for Defendant's past infringement of the '936 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

   D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Cirrex's reasonable attorneys' fees; and

   E. An award to Cirrex of such further relief at law or in equity as the Court deems just and proper.

Dated: September 24, 2014      STAMOULIS & WEINBLATT LLC

                */s/ Richard C. Weinblatt*
                Stamatios Stamoulis #4606
                  stamoulis@swdelaw.com
                Richard C. Weinblatt #5080
                  weinblatt@swdelaw.com
                Two Fox Point Centre
                6 Denny Road, Suite 307
                Wilmington, DE 19809
                Telephone: (302) 999-1540

                *Attorneys for Plaintiff*
                *Cirrex Systems, LLC*